2008 OCT -9  P 3: 28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ALBERT D. PAGE, #298953,          )
                                  )
                    Plaintiff,    )    Civil Action No. 9:07-3740-HFF-BM
                                  )
v.                                )
                                  )
CECILIA REYNOLDS, Warden;         )
ANNIE MCCORMACK-SELLERS,          )    **REPORT AND RECOMMENDATION**
DHO Heaing Officer; and           )
LEMANDY PERRY, Corrections        )
Officer,                          )
                                  )
                    Defendants.   )
_____ )

      This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

      The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on July3, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 7, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a motion for an extension of time to respond, and by Order filed July 22, 2008 he was granted an additional thirty (30) days to file is response.

      However, Plaintiff failed to ever file any response to the motion for summary judgment, and in fact sent a letter to the Court dated September 12, 2008 in which he advised the Court that he was contemplating seeking dismissal of this case due to the difficulty of prosecuting



1

the matter in light of his status as a pro se prisoner. Thereafter, the Court filed an Order on September 18, 2008, noting the case history, and that in light of Plaintiff's letter to the Court as well as his failure to respond to the motion for summary judgment, it appeared that he wished to abandon this action. Plaintiff was granted an additional ten (10) days from the date of that Order in which to file a response to the motion for summary judgment, and was further advised that if he failed to respond, this action would be dismissed for failure to prosecute, which would be a dismissal with prejudice. See Order filed September 18, 2008.

However, prior to the entry of the Court's Order, Plaintiff had mailed a motion to the Court seeking to dismiss his case *without prejudice*.[1] Defendants' oppose dismissal of this case without prejudice.

Pursuant to Rule 41(a)(2), Fed.R.Civ.P., an action shall not be dismissed at the Plaintiff's instance save upon order of the Court and upon such terms and conditions as the Court deems proper. Further, unless otherwise specified, a dismissal under Rule 41(a)(2) is without prejudice. While Defendants object to a dismissal of this action without prejudice, after review of the docket and filings in this case, the undersigned concludes that a voluntary dismissal without prejudice is appropriate. Plaintiff is a pro se prisoner who states in his motion that he is currently housed in the SMU (maximum security) at his prison. Plaintiff further represents to the Court that his status as a maximum security inmate has effectively hindered his ability to investigate the issues relevant to his claim as well as his ability to research the legal issues involved in his claim. Defendants do not dispute that Plaintiff is housed in the lockup at his prison, and in light of Plaintiff's pro se status, and the requirement that this Court treat pro se litigants with some degree of liberality

---

[1] Although this motion was not docketed until September 19, 2008, when it was received by the Court, the motion itself is dated September 15, 2008.

2

in order to allow the development of the potentially meritorious case; see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); the undersigned finds that a dismissal without prejudice is appropriate.

Therefore, based on the foregoing, it is recommended the Plaintiff's motion for a voluntary dismissal without prejudice under Rule 41(a)(2) Fed.R.Civ.P., be **granted**, and that this case be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

October ___9___, 2008

3

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



4